101 F.3d 715
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Wesley E. AMEND, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 96-3298.
 United States Court of Appeals, Federal Circuit.
 Nov. 13, 1996.
 
 Before MAYER, LOURIE and RADER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Wesley E. Amend petitions for review of the May 24, 1996 final decision of the Merit Systems Protection Board, Docket No. AT831E950598I-2, affirming the decision of the Office of Personnel Management ("OPM") which denied Amend's application for a disability retirement annuity. Because the board did not err in finding that Amend's application was untimely, we affirm.
 
 DISCUSSION
 
 2
 The Department of Health, Education, and Welfare (now known as the Department of Health and Human Services) employed Amend from 1970 until his resignation in 1979. Prior to his resignation, Amend worked as a Project Systems Manager in Washington, D.C., and was responsible for information systems functions within the Medicaid bureau relating to Title IX health care programs.
 
 
 3
 Since the 1970's, Amend has suffered from a myriad of both mental and physical problems. Prior to his resignation, Amend had at various times been diagnosed as suffering from a paranoid personality disorder and from a depersonalization neurosis. In addition, just one month prior to his resignation, Amend was treated for severe post-nasal drainage and a sore throat that lasted approximately six months.
 
 
 4
 Amend continued to suffer from mental and physical problems following his departure from federal service. In 1986, a psychologist treating Amend diagnosed him as suffering from depression and anxiety, but noted that the treatment appeared to be successful inasmuch as Amend was living independently, working full time, and socializing. In addition, Amend appears to suffer from Chronic Fatigue and Immune Dysfunction Syndrome ("CFIDS") which he alleges greatly impaired both his mental and physical functioning. Amend claims that symptoms of this illness first appeared in September 1976, which left him with chronic debilitating fatigue.
 
 
 5
 Amend applied for disability retirement benefits on September 13, 1993. The OPM rejected Amend's application as untimely because it was not filed within one year of his resignation in 1979, as is required under the applicable statute, and because Amend failed to prove that he was mentally incompetent from that time forward so as to waive the one year bar. See 5 U.S.C. § 8337(b) (1994). Amend appealed to the board arguing that he was unable to apply for benefits in a timely manner because CFIDS had rendered him mentally incompetent since his resignation in 1979.
 
 
 6
 In an initial decision dated January 31, 1996, an administrative judge ("AJ") affirmed OPM's decision. The AJ noted that Amend failed to meet his burden of establishing that he was mentally incompetent during the time period in question. Specifically, the AJ found that Amend failed to produce medical evidence on which to determine Amend's level of mental competency between 1979 and 1985. In addition, the AJ recognized that while Amend suffered from various mental and physical ailments and that CFIDS may have exacerbated Amend's condition, there was "no evidence that the net result of these conjoined problems was mental incompetence." The AJ further concluded that Amend was mentally competent in January 1992, when he successfully filed for social security benefits. The AJ concluded that, at the very least, Amend should have filed for disability retirement benefits with OPM within one year of filing for social security benefits. The AJ's initial decision became final when the board denied Amend's petition for review. See 5 C.F.R. § 1201.113(b) (1996). Amend now petitions for review by this court.
 
 
 7
 When reviewing a decision by the board affirming the denial of disability benefits under 5 U.S.C. § 8347(d)(1) (1994), we may reverse only if "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative process.' " Lindahl v. Office of Personnel Management, 470 U.S. 768, 791 (1985) (quoting Scroggins v. United States, 397 F.2d 295, 297 (Ct.Cl.1968)). See McEachern v. Office of Personnel Management, 776 F.2d 1539, 1543 (Fed.Cir.1985).
 
 
 8
 On appeal, Amend argues that neither he nor the entire medical establishment was able to recognize his disability until very recently. This situation, he argues, is tantamount to mental incompetence because at the time of his separation from service he was unable to articulate the grounds for his benefits claim. We recognize that it may be more difficult to prove the existence of a disability without a diagnosis of a specific disabling disease. However, Amend's inability to obtain a CFIDS diagnosis in 1979 did not render him "mentally incompetent" so as to prevent him from timely applying for benefits.
 
 
 9
 Amend further argues that CFIDS rendered him mentally incompetent due to the resultant severe reduction in mental and physical functional activity. He further argues that the AJ erred by refusing to hear testimony on the nature and medical history of CFIDS. We do not question that Amend has suffered from a variety of mental and physical ailments since his resignation. Furthermore, it appears that CFIDS has exacted quite a toll from Amend, both mentally and physically. We further recognize that the process of seeking benefits, receiving denials, and proceeding through appeals must be both mentally and physically draining for Amend.
 
 
 10
 Unfortunately, while we sympathize with Amend, the relevant statute gives us little leeway. The board affirmed the determination of OPM that Amend was not mentally incompetent so as to bring him within the statutory exception. Under our standard of review, that factual determination is not reviewable by this court. Amend has not shown any procedural or legal defect warranting reversal. Regardless of the strength of a disability benefits claim, the statute requires that a former employee file for disability retirement benefits within one year after separation from federal service. 5 U.S.C. § 8337(b) (1994). There is only one exception to this hard and fast rule: the time limit may be waived if the former employee was mentally incompetent at the time of separation or becomes incompetent within one year thereafter. While this result may seem harsh and unforgiving, our review is proscribed by narrow statutory criteria which have not been met here.
 
 
 11
 Accordingly, the board's decision is affirmed.